UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

  Plaintiff,

-v-

AWS MOHAMMED NASER,

  Defendant.

Case No.: 25-mc-50612
Hon. Jonathan J.C. Grey

| HANK MOON | EDWARD A. BAJOKA |
|---|---|
| United States Attorney's Office | Bajoka Law Group PLLC |
| Attorney for Plaintiff | Attorney for Noor Al-Bahiya |
| 211 W. Fort St. Suite 2001 | 500 Griswold, Suite 1630 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| 313-226-9676 | 844-422-5652 |
| Hank.Moon@usdoj.gov | bajokalaw@gmail.com |

**WITNESS AL-BAHIYA'S MOTION TO QUASH SUBPOENA**

Witness Noor Al-Bahiya, through her attorney, Edward A. Bajoka, moves this Court to quash the subpoena for her to appear and testify in the above-captioned matter. In support of this Motion, Ms. Al-Bahiya states the following:

1. On May 16, 2025, Ms. Al-Bahiya was served a subpoena by the defense ordering her to testify in this case. She is expected to testify on May 27 or shortly thereafter.

2. If called to testify, Ms. Al-Bahiya intends to invoke her Fifth amendment privilege against self-incrimination. All parties are aware of her intent to do so.  Ms. Al-Bahiya properly asserted the Fifth amendment multiple times

during her grand jury testimony. The defense does not have the power to grant her immunity, so Ms. Al-Bahiya is left with no choice outside of asserting her Fifth Amendment right.

3. Beyond the foundational questions, the expected inquiries from the defense and the government's cross-examination will elicit responses that would warrant Ms. Al-Bahiya's invocation of her Fifth Amendment privilege.

4. The subpoena compelling her testimony is therefore unreasonable, as she would be forced to assert her Fifth Amendment right.

WHEREFORE, Noor Al-Bahiya requests this Court to QUASH the subpoena compelling her testimony.

Respectfully submitted,

/s/ *Edward A. Bajoka*
Edward A. Bajoka (P70919)
Attorney for Noor Al-Bahiya
500 Griswold St., Ste. 1630
Detroit, MI 48226
844-422-5652
Bajokalaw@gmail.com

Dated: May 27, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

   Plaintiff,

-v-                                              Case No.: 22-cr-20504
                                                 Hon. Jonathan J.C. Grey
AWS MOHAMMED NASER,

   Defendant.

---

### BRIEF IN SUPPORT OF WITNESS AL-BAHIYA'S MOTION TO QUASH SUBPOENA

Noor Al-Bahiya, Defendant's ex-wife[1], has been subpoenaed by Defendant to testify in his ongoing trial. She received the subpoena on May 16, 2025, ordering her to appear in court sometime between May 6th and June 13th; she is expected to testify this week. Because Ms. Al-Bahiya will be asserting her fifth amendment right against self-incrimination to almost all questions outside of foundational questions, she asks this Court to quash the subpoena commanding her appearance in court.

### ARGUMENT

Under Fed. R. Crim. Pro. 17(a), "a valid subpoena may command a witness to attend and testify." *United States v. Peavler*, Case No. 3:15-cr-14; 2017 WL 1018304 at *1 (E.D. Ky. Mar. 10, 2017) (citing *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th

---

[1] The two were married and divorced by religious ceremonies but their marriage was not recognized legally.

Cir. 2013)). Although Rule 17(a) does not explicitly mention the ability to quash the subpoena, "courts 'routinely have entertained motions seeking such relief.'" *United States v. Bebris*, 4 F.4th 551, 559 n.5 (7th Cir. 2021) (quoting *Stern v. U.S. Dist. Court for the Dist. Of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000)). When evaluating a motion to quash a subpoena compelling a witness to testify, "courts frequently draw on principles analogous to those used when deciding a motion to quash" a subpoena for production of documents at trial. *United States v. Pate*, Case No. 3:09-00106; 2024 WL 1773996 at *1 (M.D. Tenn. Apr. 24, 2024).  See also, *Peavler* at *2 ("The standard is basically the same as the *Nixon* standard for subpoenas compelling the attendance of witnesses…More specifically, a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." (quotation and citation omitted)). Where the sought testimony is cumulative or immaterial, a court is within its discretion to quash a Rule 17(a) subpoena. *Bebris*, 4 F.4th at 559 (citing *United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973)). The Court may quash the subpoena "if compliance would be unreasonable or oppressive." Rule 17(c)(2).

If called to testify, Ms. Al-Bahiya will assert her Fifth Amendment privilege against self-incrimination for the vast majority of the anticipated questions. The Fifth Amendment provides that "[n]o person…shall be compelled in any criminal case to be a witness against" themselves. U.S. Const., Amdt. 5. The privilege against

self-incrimination "applies where a witness' answers could reasonably furnish a link in the chain of evidence against [them]." *Ohio v. Reiner*, 532 U.S. 17, 19 (2001). Both parties are aware of her intent to do assert her Fifth Amendment rights, given that she asserted it multiple times in her grand jury testimony. The Sixth Circuit has recognized that calling a witness who pleads the fifth "permits the party calling the case to build its case out of inferences arising from the use of the testimonial privilege." *United States v. Vandetti*, 623 F.2d 1144, 1148 (6th Cir. 1980) (citing *Namet v. United States*, 373 U.S. 179, 186 (1963)). "Neither side has the right to benefit from any inferences the jury may draw from the witness' assertion of the privilege alone or in conjunction with questions that have been put to [them]." *Id.*, (quoting *United States v. LaCouture*, 495 F.2d 1237, 1240 (5th Cir. 1974). Therefore, it would be unreasonable to call Ms. Al-Bahiya as a witness knowing that she intends to assert her privilege against self-incrimination.

Ms. Al-Bahiya must assert her Fifth Amendment right should she be called to testify because she has no other adequate protection. Defendant cannot offer her immunity from prosecution or any other form of protection. Only the government can do that pursuant to 18 U.S.C. §6003(a), and it has not done so.

If the Court seeks additional information, Counsel for Ms. Al-Bahiya is prepared to submit an in camera, ex parte verbal proffer setting forth the specific areas of concern and the real and appreciable risk of self-incrimination she faces.

## CONCLUSION

WHEREFORE, Noor Al-Bahiya respectfully requests this Court QUASH the subpoena compelling her to testify in this case.

        Respectfully submitted,

        /s/ *Edward A. Bajoka*
        Edward A. Bajoka (P70919)
        Attorney for Noor Al-Bahiya
        500 Griswold St., Ste. 1630
        Detroit, MI 48226
        844-422-5652
        Bajokalaw@gmail.com

Dated: May 27, 2025

---

**PROOF OF SERVICE**

I hereby certify that on May 27, 2025, I filed the foregoing Appearance on the Court's ECF system, which notifies all parties involved.

        /s/ Edward A. Bajoka
        Edward A. Bajoka